**Jeffrey KOENIG, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S04–0201–CR–92.

Supreme Court of Indiana.

Jan. 30, 2002.

### ORDER GRANTING TRANSFER AND REMANDING TO THE COURT OF APPEALS

On August 29, 1997, appellant was convicted of three counts of robbery and three counts of criminal confinement. His concurrent six-year sentences on each count were suspended, except for time already served, and appellant was instead placed on probation. Appellant did not immediately appeal those convictions.

On April 6, 1999, appellant's probation was revoked and he was ordered to serve the previously suspended sentences. No timely appeal was taken from this sentencing order either.

On August 21, 2000, appellant filed a *pro se* petition seeking post-conviction relief. The petition alleged, among other things, that appellant was denied a right to counsel. In support of that contention, appellant asserted that he wanted to appeal the revocation of probation, but that the trial court had failed to appoint pauper counsel for him. The State of Indiana, through the Marion County Prosecutor, filed an answer to the petition. In its answer, the State asserted that the petition should be dismissed because appellant had failed to exhaust his appellate remedies. Specifically, the State asserted that appellant's remedy was to seek leave to file a belated appeal of the underlying convictions, as procedurally authorized by Post–Conviction Rule 2, section 1. *See* Appendix, pp. 124–25 ("State's Answer"). The petition seeking post-conviction relief was denied.

Thereafter, on March 7, 2001, the Marion County Public Defender Agency did what the State had argued should have been done—it filed on behalf of the appellant a motion seeking leave to file a belated notice of appeal from the underlying convictions. No objection was made by the State and the trial court granted that motion. This appeal ensued.

Ultimately, a brief of the appellant was filed on August 13, 2001. The claims of error were directed to the underlying robbery and confinement convictions, not to the revocation of probation. In response, the State of Indiana, through its Attorney General, filed a motion to dismiss the appeal. The State asserted that appellant had not been diligent in requesting an appeal from the underlying conviction, as required by Post–Conviction Rule 2, section 1(b). The Court of Appeals granted the motion and dismissed the appeal. The appellant filed a petition seeking transfer of jurisdiction in accordance with Appellate Rules 56(B) and 57(B)(4).

Evidence exists that would support a determination that appellant was not diligent in pursuing an appeal of the underlying convictions and sentencing. Appellant's principal interest seemed to be appealing the order revoking his probation. Had the State made that argument in the trial court, perhaps the trial judge would also have agreed that the requirements of Post–Conviction Rule 2 had not been met.

But in response to the appellant's petition seeking post-conviction relief, the State expressly argued to the trial court that appellant's remedy was to file a mo-

tion seeking leave to file a belated appeal of the underlying judgment. When appellant took the action invited by the State, no objection was made to that motion. The trial court then granted the appellant leave to file a late notice of appeal. A transcript was prepared by the court reporter. Counsel reviewed the record, formulated issues, and prepared and filed an appendix and a brief. Only then did the State raise, for the first time, a claim that appellant was not diligent in seeking an appeal of the convictions and sentence. The Court of Appeals dismissed the appeal on that basis.

This result appears to be a significant departure from accepted law and practice. *See* Ind. Appellate Rule 57(H)(6). The State's inconsistent actions and failure to object to the motion seeking leave to file a belated notice of appeal warrant the appeal being reinstated. Accordingly, we grant transfer and remand the appeal to the Court of Appeals with instructions to vacate its order granting the State's motion to dismiss, to deny the motion, and to establish a briefing schedule for review of the appeal on the merits.

All Justices concur.